# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on
behalf of those similarly situated,

        Plaintiff,                CASE NO.:  2:17-CV-00442-SPC-CM

vs.

REAL MONARCA INC, a Florida Profit
Corporation, d/b/a MONARCA'S
AUTHENTIC MEXICAN CUISINE
BAR & GRILL, and GUILLERMO
CUEVAS, Individually,

        Defendants. _____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, EDUARDO LOPEZ ("Plaintiff"), for himself and on behalf of those similarly situated, through undersigned counsel, files this Amended Complaint against Defendants, REAL MONARCA INC. d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL ("MONARCA"), a Florida Profit Corporation, and GUILLERMO CUEVAS, Individually ("CUEVAS") (collectively "Defendants") and states as follows:

## JURISDICTION

1.　　Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain judgment against Defendants as to liability, and to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.　　The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## INTRODUCTION

1.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §206 and §207.

2.      The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated servers and bartenders the proper minimum wage and overtime compensation for all hours worked.

3.      This action is intended to include each and every hourly-paid server and bartender who worked for Defendant at any time within the past three (3) years.

4.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

5.      At all times material to this action, Plaintiff was a resident of Lee County, Florida.

6.      At all times material to this action, Defendant MONARCA was, and continues to be a Florida Profit Corporation.  Further, at all times material hereto, Defendant MONARCA was, and continues to be, engaged in business in Florida, doing business in Lee County.

7.      At all times material to this action, Defendant CUEVAS was an individual resident of the State of Florida, who owned and operated Defendant MONARCA, and who regularly exercised the authority to (a) hire and fire employees of Defendant MONARCA; (b) determine the work schedules for the employees of Defendant MONARCA; and (c) control the finances and operations of Defendant MONARCA.

2

8.      By virtue of having held and/or exercised the authority to: (a) hire and fire employees of MONARCA; (b) determine the work schedules for the employees of MONARCA; and (c) control the finances and operations of MONARCA, Defendant, CUEVAS, is an employer as defined by 29 U.S.C. §201 *et. seq.*

9.      At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10.     At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12.     At all times material to this action, Defendant, MONARCA, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working in goods or materials that have been moved or produced  for commerce by any person" within the meaning of the FLSA.

13.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cleaning supplies, office supplies, cash registers, food products, and telephones.

15.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

16.     On or about April 26, 2014, Defendants hired Plaintiff to work as a non-exempt hourly-paid server and bartender for Defendants' company, a restaurant, at its location in Cape Coral, Florida. Plaintiff was employed by Defendants in this position until May 17, 2017.

17.     Plaintiff's job duties included, but were not limited to, preparing drinks and serving food and drinks to Defendants' customers.

18.     Defendants paid Plaintiff the tipped minimum wage rather than the regular minimum wage for all hours worked.

19.     Furthermore, for most of his hours, Plaintiff was paid pursuant to the FLSA "tip credit" method per hour in exchange for worked performed.

20.     Defendants failed to provide proper notice of Defendants' intent to claim the tip credit or regarding requirements related to tip pooling, as required by 29 U.S.C. §203(m).

21.     Plaintiff, and those similarly situated, were/are entitled to the Florida minimum wage pursuant to §206(a) of the FLSA.

22.     Defendants have violated Title 29 U.S.C. §206 during the three years preceding the filing of the Complaint in this matter, in that:

    a.     Defendants have failed to pay Plaintiff, and those similarly situated, proper minimum wage for all of their hours worked for Defendants as required by the FLSA;

    b.     No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate

4

Plaintiff and those similarly situated at a rate equal to the minimum wage, for all hours worked;

c. Defendants failed to provide Plaintiff and those similarly situated with the statutorily required notice under 29 U.S.C. §203(m); and

d. Defendants have failed to maintain proper time records as mandated by the FLSA.

23. Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to §29 C.F.R. §778.5.

24. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek during the three years preceding the date the Complaint is filed in this matter.

25. Upon information and belief, other of Defendant's servers/bartenders also worked forty or more hours in a workweek during the three years preceding the date the Complaint is filed in this matter.

26. From at least April 26, 2014, and continuing through May 17, 2017, Defendants failed to compensate Plaintiff, and those similarly situated, at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. Plaintiff, and those similarly situated to Plaintiff, should be compensated at the rate of one and one-half times their regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

28. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

29.     Upon information and belief, Defendant has deleted time records relating to Plaintiff and other similarly situated employees.

30.     Defendants have violated Title 29 U.S.C. §207 from at least April 26, 2014 continuing through May 17, 2017, in that:

a.      Plaintiff and those similarly situated to Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

b.      No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff  and those similarly situated at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c.      Defendants have failed to maintain proper time records as mandated by the FLSA.

31.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants willfully altered Plaintiff's time records, as well as the time records of the other servers and bartenders.

32.     The additional persons who may join this action are those similarly situated to Plaintiff, who worked for Defendants in the three years preceding this Complaint, who were also not paid for overtime hours, and/or were not paid appropriate minimum wages and/or overtime compensation due to Defendants' policies and practices as described above.

33.     Defendants made certain payments of amounts attributable to a portion of

6

back wages owed.

34.     Defendants did not state to Plaintiff or any similarly situated individuals that acceptance of any payment from Defendants would operate as a waiver of claims under the FLSA, or bar any action to collect additional monies owed.

35.     The amount paid to Plaintiff in back wages was substantially less than the amount owed to Plaintiff.

36.     Upon information and belief, the amounts paid to similarly situated employees was less than they amounts owed to those employees.

37.     No payment attributable to liquidated damages was made to Plaintiff.

38.     No payment attributable to liquidated damages was made to any employee similarly situated to Plaintiff.

39.     Defendants did not make Plaintiff nor any similarly situated employee aware that he/she could pursue claims for liquidated damages, or that acceptance of any monies from Defendants would waive or bar claims for liquidated damages in the future.

40.     As such, Defendants secured no valid waiver of Plaintiff's FLSA claims.

41.     Defendants secured no valid waiver of the FLSA claims of any employee similarly situated to Plaintiff.

42.     Upon information and belief, at no point prior to issuing payment to Plaintiff or others similarly situated did Defendant show to the Department of Labor the language of the letter alleged to have accompanied the checks.

43.     The waiver language appearing on the Department of Labor form WH-58 does not appear on any document sent by Defendants to Plaintiff.

44.     The waiver language appearing on the Department of Labor form WH-58

does not appear on any document sent by Defendants to any employee similarly situated to Plaintiff.

45.     Upon information and belief, Defendant deleted electronic time records relevant to Plaintiff, as well as electronic time records relevant to employees similarly situated to Plaintiff, in order to prevent the Department of Labor investigator from having access to same.

46.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff and the class members were all "servers and bartenders" and performed the same or similar job duties as one another in that they provided food and beverage services to Defendants' patrons.

48.     Plaintiff and the class members were subjected to the same pay provisions in that they were all paid pursuant to the "tip credit" provisions of the FLSA and were not compensated at least the proper minimum wage and overtime for all hours worked as a result of Defendants' common policies and practices, including but not limited to:

a.     Failure to provide proper notice of Defendants' intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m);

b.     Systematic deletion of regular and overtime hours logged into the timekeeping system.

49.     Defendants' uniform method of payment to Plaintiff and the class

members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiff and the class members the required minimum wages and overtime due under the FLSA.

50.     These policies and practices were applicable to Plaintiff and the putative class members.

51.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit, as all servers and bartenders were subject to same.

52.     Rather, the same policies and practices which resulted in the non-payment of minimum and overtime wages to Plaintiff applied to all class members.

53.     Accordingly, the class members are properly defined as:

> **All "servers and bartenders" who worked for Defendants within the three years preceding the filing of the Complaint in this matter, who were not compensated at the required minimum wage due under the FLSA, and/or who were not paid all owed overtime compensation under the FLSA, due to Defendants' failure to give proper notice of its intent to claim the tip credit and/or Defendants' systematic deletion of hours.**

54.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum and full overtime wages with respect to Plaintiff and the class members.

## COUNT I
## RECOVERY OF MINIMUM WAGES

55.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-54 above.

56.     Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with

Defendants.

57.     Defendants failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendants.

58.     Defendants failed to provide proper notice of Defendants' intent to claim the tip credit or regarding requirements related to tip pooling, as required by 29 U.S.C. §203(m).

59.     Defendants also fail to pay Plaintiff proper minimum wage because Plaintiff was not paid for all hours worked.

60.     Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

61.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

62.     Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

63.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated, have been damaged in the loss of minimum wages, (for one or more weeks of work with Defendants.)

64.     As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, in addition to tips paid into the unlawful tip pool.

65.     Defendants knew its conduct violated the FLSA or acted in reckless

disregard of the FLSA provisions.

66.     Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, a declaration that Defendant's conduct violated the FLSA, an order certifying this action as a collective action, Notice to issue to those similarly situated, informing them of their right to join this litigation, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**

67.     Plaintiff re-alleges paragraphs 1 through 54 of the Complaint, as if fully set forth herein.

68.     From at least April 26, 2014, and continuing through May 17, 2017, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

69.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

70.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

71.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the

statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.   Specifically, Defendants paid Plaintiff correctly for some of his overtime hours, but purposefully did not pay him for all overtime hours he recorded.

72.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

73.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

74.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages; a declaration that Defendants' conduct violated the FLSA; an order certifying this action as a collective action; an Order requiring Notice to issue to the putative class, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 15th day of December, 2017.

Respectfully submitted,

**/s/ Angeli Murthy**
Angeli Murthy, Esquire
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*