UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on
behalf of those similarly situated

       Plaintiff,

v.                                     Case No: 2:17-cv-442-FtM-38CM

REAL MONARCA INC. and
GUILLERMO CUEVAS,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants Real Monarca Inc. and Guillermo Cuevas' Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction and Motion for Evidentiary Hearing. (Doc. 26). Plaintiff Eduardo Lopez has filed a Response in Opposition. (Doc. 30). For the following reasons, the Court denies Defendants' Motion.[2]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted. *See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) (holding that an evidentiary hearing is not required to resolve factual disputes in a Federal Rule of Civil Procedure 12(b)(1) motion where "each party had a full opportunity to present evidence").

## BACKGROUND

Lopez brings this Fair Labor Standards Act ("FLSA") suit against Defendants for unpaid minimum and overtime wages. (Doc. 1). In April 2014, he began working as a server and bartender at a restaurant that Cuevas owns and operates. (Doc. 23 at ¶ 16). Lopez worked there until May 2017, sometimes over forty hours per week. (*Id.* at ¶ 26). According to Lopez, Defendants willfully violated the FLSA when they paid him tipped minimum wage instead of minimum wage, refused to pay overtime, and failed to maintain proper time records. (*Id.* at ¶¶ 18-22).

In July 2017, the United States Department of Labor ("DOL") investigated Defendants' pay practices. (Doc. 26 at 1). The agency inspected Defendants' records and conducted interviews of employees and management. (*Id.* at 1, 5). The DOL ultimately determined that nine employees, including Lopez, were owed back wages. (*Id.* at 1). Twelve days after this suit was filed, Defendants paid Lopez $5,980.31 via check. (Doc. 26-1 at 5). The check's memo line read, "All Back wages owed." (*Id.* at 7). Defendants may have included an explanation letter with Lopez's check – a point the parties dispute – that stated the DOL investigated the restaurant and Cuevas agreed to pay certain employees back wages.[3] (*Id.* at 9; Doc. 30-2 at 5). Lopez endorsed and cashed the check. (Doc. 26-1 at 7).

Defendants now move to dismiss the Amended Complaint for lack of subject matter jurisdiction (Doc. 26 at 4-7).

---

[3] Although the parties dispute whether Lopez received an explanation letter, at least one other opt-in plaintiff did receive such a letter. (Doc. 26-1 at 9; Doc. 30-1 at ¶ 14).

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a suit if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A defendant's attack on subject matter jurisdiction occurs in two forms: facial and factual. *Garcia v. Copenhaver, Bell & Associates, M.D.'s PA*, 104 F.3d 1256, 1260 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). When there is a factual attack, like Defendants raise here, the court reviews matters outside the pleadings, such as testimony and affidavits, to determine if subject matter jurisdiction is present. *Lawrence*, 919 F.2d at 1529 (citations omitted).

**DISCUSSION**

Defendants move to dismiss the Amended Complaint because Lopez waived his right to sue under the FLSA when he cashed his check for back wages. (Doc. 26 at 4-7). Lopez responds that he never waived that right because the DOL did not supervise payment to him, and neither the check's memo line nor the explanation letter created a waiver.[4] (Doc. 30 at 12-16). The Court will address these arguments in turn, starting with whether the DOL supervised the settlement between Lopez and Defendants.

**A. DOL's Supervision of Payments**

The FLSA authorizes the DOL to supervise the payment of unpaid minimum and overtime wages to an employee. 29 U.S.C. § 216(c). "If an employee accepts the

---

[4] Lopez also argues that he had accrued more than a year of back wages not included in the settlement and thus he did not waive his right to collect these wages. (Doc. 30 at 8-9). Because an employee cannot waive claims for unpaid wages accrued outside a settlement period, Lopez did not waive his claim to pursue these alleged damages. *See West v. Thunder Bay Enterprises Inc.*, No. 8:15-cv-1606-T-23MAP, 2015 WL 5953282, at *1 (M.D. Fla. Oct. 13, 2015); *see also Moultry v. Cemex, Inc.*, No. 8:07-cv-453-T-26MSS, 2008 WL 1743484, at *1 (M.D. Fla. Apr. 15, 2008).

payment of back wages supervised by the DOL, the employee waives the right to bring suit for unpaid wages and liquidated damages." *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1247 (11th Cir. 2004) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The DOL "supervises" when it takes affirmative action to ensure employees receive payment of back wages. *Compare Niland*, 377 F.3d at 1247 (finding adequate supervision where the DOL entered a written agreement with employer and spent many hours negotiating, reviewing, and supervising the calculation and collection of back wages); *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538-39 (5th Cir. 1977)[5] (finding adequate supervision where the DOL investigated a claim for back wages, determined the amount owed to the employee, presented the check to the employee on the employer's behalf, and required the employee to sign a receipt waiving his right to sue), *with Lynn's Food Stores, Inc.*, 679 F.2d at 1352-53 (finding inadequate supervision where the DOL was uninvolved in the employer's settlement of claims). Mere investigation of complaints by the DOL does not constitute supervision under 29 U.S.C. § 216(c). *See Cables v. SMI Security Mgmt., Inc.*, No. 10-24613-CIV-SEITZ/SIMONTON, 2012 WL 12863144, at *4 (S.D. Fla. Apr. 6, 2012) (citing *Niland*, 377 F.3d at 1247; *Sneed*, 545 F.2d at 538-39; *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-53).

Here, Lopez maintains that the DOL's mere involvement in the settlement process does not constitute supervision. (Doc. 30 at 5). Defendants disagree and rely on an unsigned WH-56 form and the employees' cashed checks as contrary evidence. (Doc. 26-1 at 5; 7; 11). The Court agrees with Lopez. While there is no binding precedent

---

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

factually analogous to this case, the Court is guided by the decisions in *Niland*, *Sneed*, and *Lynn's Food Stores, Inc*. Although the DOL was more involved in this case than in *Lynn's Food Stores, Inc.*, the evidence does not rise to the level of supervision as in *Sneed* and *Niland*. Here, there is no real evidence beyond the DOL's issuance of the WH-56 form to support a claim that the DOL supervised payment to Lopez and other employees. Accordingly, the Court finds that the DOL did not supervise payment in this case.

**B. Waiver**

Even if there was supervision by the DOL, the Court stills finds that Lopez did not waive his right to sue under FLSA.

For a waiver to be valid under 29 U.S.C. § 216(c), the employee must agree to accept payment as determined by the DOL and be paid in full. *See Sneed*, 545 F.2d at 539. But, an employee cannot waive his right to sue if he has no knowledge that his acceptance of back wages forms a waiver. *Cables*, 2012 WL 12863144 at *5. An employee acknowledges his agreement when he signs a waiver statement that says he relinquishes his right to sue. *Sneed*, 545 F.2d at 539. A waiver statement can be either a Form WH-58 or other authorized language.[6] "A WH-58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. §

---

[6] Defendants argue that the DOL authorized the language on the check's memo line to be a waiver statement. (Docs. 26 at 2, 6; Doc. 26-1 at 2). They provide an affidavit by Monarca's manager, Gilberto Diaz, to support this argument. (Doc. 26-1). But, at this stage, the record lacks any indication that the DOL authorized the language on the check's memo line. Consequently, it is premature to decide so. *See generally* H *West*, 2015 WL 5953282 at *2.

216(b), acceptance of back wages offered will result in waiver of those rights." *Niland*, 377 F.3d 1244 at 1248.

Defendants argue the check's memo line reading, "All Back wages owed," and the explanation letter effected a valid waiver of Lopez's right to sue. (Doc. 26 at 4-6). They rely on two circuit cases: *Sneed*, 545 F.2d 537 (5th Cir. 1977) and *Niland*, 377 F.3d 1244 (11th Cir. 2004). (*Id.* at 5).

In *Sneed*, the employer required the employee to sign a receipt before he received a check for back wages. *Sneed*, 545 F.2d at 538. The receipt, which the employee signed, expressly stated he forfeited any right to sue for back wages under the FLSA by accepting the back wages due to him. *Id*. The Fifth Circuit held, "[b]y signing the waiver statement acknowledging that he had agreed to accept the tendered payment and by taking the employer's check for the full amount, the employee here did in fact waive his right to sue under the statute." *Id*. at 539-40 (footnote omitted).

The Eleventh Circuit reached a similar result in *Niland*. There, the employer sent each employee a check for unpaid back wages along with a letter and receipt. *Niland*, 377 F.3d at 1246. Each document indicated that acceptance of payment waived the employee's FLSA claims. *Id*. The receipt also included waiver language directly from the DOL's WH-58 waiver form. *Id*. The Eleventh Circuit held the documents' language was sufficient to effect an enforceable waiver of the employee's FLSA claims. *Id*. at 1248.

Unlike the employees in *Niland* and *Sneed*, Lopez never received written notice that accepting the check meant he waived his right to sue under the FLSA. Neither Lopez nor any fellow employee received a Form WH-58 or other document with waiver language. (Doc. 26-1 at ¶ 6; Doc. 30 at 12); *see also Blackwell v. United Drywall Supply,*


362 F. App'x 56, 58 (11th Cir. 2010) (holding the employee waived his right to sue where, in part, he received the WH-58 form that included express language that his acceptance of back wages meant he relinquished his right to sue under FLSA). The check's memo line reading, "All Back wages owed," does not persuade the Court to reach a contrary decision. At this stage, the Court is hard-pressed to find the line that told Lopez he waived his right to sue by cashing the check. *See Flores v. ACT Event Services, Inc.*, No. 3:14-CV-2412-G, 2015 WL 567960, at *8 (N.D. Tex. Feb. 11, 2015) (finding that a check's memo line that read, "FLSA settlement 1674494, 1/23/2011-1/27/2013," did not create a waiver because it failed to "explicitly inform employees that by cashing their checks[,] they waiv[ed] any claims").

Even if Lopez received the explanation letter, that document fares no better in showing a waiver. The letter, which Defendants' claim they included with the issued checks, failed to notify Lopez that acceptance of payment would waive his right to sue. (Doc. 26-1 at 9; Doc. 30-2 at 5). The letter merely stated that the DOL determined that back wages were due and Cuevas agreed to pay them. (Doc. 26-1 at 9; Doc. 30-2 at 5). Nothing in the letter signaled that an employee waived his right to sue under FLSA by accepting payment. Consequently, because the Court finds that Lopez did not waive his right to sue under FLSA, it denies Defendants' Motion.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Real Monarca Inc. and Guillermo Cuevas Motion to Dismiss and Motion for an Evidentiary Hearing is **DENIED**.

(2) Defendants shall file an answer to the Amended Complaint on or before **March 14, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record