UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on
behalf of those similarly situated

       Plaintiff,

v.                              Case No:   2:17-cv-442-FtM-38CM

REAL MONARCA INC and
GUILLERMO CUEVAS,

       Defendants.
_____/

### OPINION AND ORDER[1]

This matter comes before the Court on the parties' Joint Stipulation and Motion to Facilitate Notice (Doc. 54) filed on May 23, 2018.  The matter is ripe for review.

### Background

This is a Fair Labor Standards Act ("FLSA") case.  At this stage, the Court must decide whether to conditionally certify a collective action and whether to authorize the distribution of notice and consent forms.  Defendant Guillermo Cuevas owns and operates Defendant Real Monarca Inc. d/b/a Monarca's Authentic Mexican Cuisine Bar & Grill ("Real Monarca"), a restaurant in Lee County, Florida.  (Doc. 23 at ¶¶ 6-7).  Plaintiff Eduardo Lopez was a server and bartender at Real Monarca from April 2014 until May

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2017.  (Doc. 23 at ¶ 16).  Lopez alleges he was paid the tipped minimum wage and

Defendants violated the FLSA by failing to inform him of their intent to claim a tip credit.

(Doc. 23 at ¶¶ 18-20).  He also alleges Defendants violated the FLSA by failing to pay

him overtime wages when he worked over forty hours per week.  (Doc. 23 at ¶ 26).  Other

bartenders and servers at Real Monarca allegedly experienced the same circumstances.

(Doc. 23 at ¶¶ 32, 48).

Based on these allegations, Lopez filed a Complaint on behalf of himself and other

similarly situated individuals.  (Doc. 1).  After Defendants moved to dismiss, Lopez filed

an Amended Complaint.  (Docs. 19; 23).  In February 2018, Lopez moved for conditional

certification of an FLSA collective action.  (Doc. 34).  Lopez proposed a collective

definition that included

> [A]ll [s]ervers and [b]artenders who worked for Defendant at
> the Monarca's Authentic Mexican Cuisine Bar & Grille
> location, from August 2, 2014 through the date the notice is
> sent, who worked over forty hours in one or more workweeks,
> but [were] not paid for his/her overtime hours[] or who were
> not provided notice of Defendant[s'] intention to claim the tip
> credit.

(Doc. 34 at ¶ 11).  Two months later, the parties informed the Court they were stipulating

to conditional certification.  (Doc. 52).  A month after that, the parties filed their Joint

Stipulation and Motion to Facilitate Notice, a proposed notice, and a proposed consent

form. (Docs. 54; 54-1; 54-2).

## Legal Standard

Under 29 U.S.C. § 216(b), plaintiffs can pursue FLSA violations in their individual

capacity and on behalf of "similarly situated" individuals.  29 U.S.C. § 216(b).  Where

plaintiffs sue on behalf of themselves and other similarly situated individuals, the suit is a

2

"collective action."  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Collective actions benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity."  *Id.*

But plaintiffs represent themselves only until a collective action is certified.  *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).  For certification to be proper, plaintiffs bear the burden of showing a "reasonable basis" there are other "similarly situated" individuals.  *Id.*  They may present "affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees."  *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-CV-00470-T-27, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012).

The Eleventh Circuit has encouraged the use of a two-tiered approach to certification.  *Morgan*, 551 F.3d at 1260.  The first tier, known as the notice stage, is relevant here.  *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). "At the notice stage, the district court makes a decision–usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."  *Id.*  "[T]his determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class.  If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in.  The action proceeds as a representative action throughout discovery."  *Id.* (internal quotations omitted).

**Discussion**

**A.     Conditional Certification**

When deciding whether conditional certification is proper at the notice stage, courts must determine whether: (1) there are other employees who desire to opt-in to the action; and (2) the employees who desire to opt-in are "similarly situated." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  Both factors weigh in favor of conditional certification here.

First, courts in this district have found § 216(b) to be satisfied by the possible inclusion of only one or two other potential plaintiffs. *Lemming v. Sec. Forces, Inc.*, No. 8:10-CV-1469-RAL-AEP, 2010 WL 5058532, at *1 (M.D. Fla. Dec. 6, 2010); *Brooks v. A Rainaldi Plumbing, Inc.*, No. 6:06-CV-631-GAP-DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006).  Lopez has exceeded this threshold by providing three declarations from Real Monarca employees.  (Docs. 34-5; 34-6; 34-7).  Each indicates an interest in opting-in to this case.  (Docs. 34-5 at ¶ 14; 34-6 at ¶ 13; 34-7 at ¶ 12).  Consequently, he has shown a sufficient basis of interest in proceeding as a collective action.

Second, when deciding whether parties are "similarly situated," the Eleventh Circuit has looked to the similarity of job duties and pay provisions among potential plaintiffs. *Dybach*, 942 F.2d at 1567-68.  According to the declarations on the record, Lopez's job duties were like the other potential plaintiffs because they were all bartenders and servers, and were all tasked with serving food and drinks to customers.  (Docs. 34-4 at ¶ 4; 34-5 at ¶ 4; 34-6 at ¶ 4; 34-7 at ¶ 4).  The declarations reflect that Lopez had the same pay provisions as the other potential plaintiffs because they were all paid the tipped minimum wage without receiving notice of Defendants' intent to claim a tip credit.  (Docs.

34-4 at ¶¶ 5-6; 34-5 at ¶¶ 5-6; 34-6 at ¶¶ 5-6; 34-7 at ¶¶ 5-6).  Likewise, the declarations indicate Lopez and the other potential plaintiffs all worked overtime hours for which Defendants intentionally avoiding paying them appropriate wages.  (Docs. 34-4 at ¶¶ 7-10; 34-5 at ¶¶ 7-10; 34-6 at ¶¶ 7-10; 34-7 at ¶¶ 7-10).  Read through the lenient lens applied at this stage, the Court finds Lopez has provided a reasonable basis to believe there are other similarly situated employees in this case.  Consequently, the Court will conditionally certify a collective action consisting of all servers and bartenders who worked for Defendants at the Monarca's Authentic Mexican Cuisine Bar & Grille location, from August 2, 2014, through the present, who worked over forty hours in one or more workweeks, but were not paid for his or her overtime hours, or who were not provided notice of Defendants' intention to claim the tip credit.[2]

## B.   Notice

Once a collective is conditionally certified, individuals can only join by affirmatively opting-in.  *See Morgan*, 551 F.3d at 1259; *see also* 29 U.S.C. § 216(b).  The benefits of the collective action vehicle "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche Inc.*, 493 U.S. at 170.  To ensure these interests are met, the Court exercises discretionary authority over the notice-giving process.  *Id.* at 174.  Wielding this authority, the Court examines the scope, manner of distribution, and content of the proposed notice and consent forms, and directs the parties to make multiple changes.

---

[2] To promote the interests of clarity, the Court has marginally modified the proposed collective's temporal scope from "from August 2, 2014 through the date the notice is sent" (Doc. 34 at ¶ 11), to "from August 2, 2014 through the present."

*1. Scope*

The Court first considers whether the notice conforms with the scope of the defined collective.  Upon review, the Court finds it does not because the first and fourth paragraphs on page one imply that the collective is governed by marginally different temporal ranges.  While paragraph one implies that the collective consists of individuals that worked at Real Monarca "at any time from August 2, 2014, to the present," paragraph four implies it consists of individuals that worked at Real Monarca from "August 2, 2014 through [the date the notice is sent]."  (Doc. 54-1 at 2).  The definition accepted by the Court ranges from August 2, 2014, through the present.  And to alleviate any uncertainty, the Court directs the parties to amend the notice to uniformly depict its temporal application to workers at Real Monarca from "August 2, 2014, through the present."

*2. Manner*

Next, the Court determines whether the parties have sufficiently laid out how they will distribute the proposed notice and consent forms.  To reach the potential plaintiffs, the parties stipulate to an Order requiring Defendants to produce a list containing names, last known addresses, telephone numbers, social security numbers, and emails of the putative members of the collective.  (Doc. 54 at 3).  They also stipulate to an Order requiring Defendants to post the notice and consent forms at Real Monarca, and allowing the notice to be sent to individuals in the putative collective.  (Doc. 54 at 3).  Finally, they ask the Court to enter an Order providing all individuals who receive the notice sixty days to respond.  (Doc. 54 at 3).  The Court will grant these requests subject to two required changes.  First, the Court will limit Defendants' required disclosure of social security information to only the last four digits of each individual's social security number.  *See*

*Miller v. FleetCor Techs. Operating Co., LLC.*, No. 1:13-CV-2403-SCJ, 2014 WL 12543337, at *5 (N.D. Ga. Apr. 8, 2014) (restricting disclosure of information to the last four digits of putative collective members' social security numbers).

Second, though the parties stipulate to distributing the notice and consent forms, they do not specify the manner of dissemination.  (Doc. 54 at 3).  This lack of certainty will not do.  Besides Ordering Defendants to conspicuously post the notice and consent forms at Real Monarca, the Court directs Lopez to use the information provided by Defendants or otherwise independently acquired to distribute the forms to the potential plaintiffs via first class U.S. mail and electronic mail.

*3. Content*

Last, the Court reviews the content of the proposed notice and consent forms. Aside from the required change regarding the scope of the collective, the Court finds the only substantive insufficiency to be that the documents list diverging time frames for the potential plaintiff to return the consent form.  While the notice requires the potential plaintiff to opt-in within sixty days of a Court Order (Doc. 54-1), the consent form requires action within sixty days of the notice being mailed (Doc. 54-2).  To alleviate any uncertainty, the Court will allow Lopez to distribute amended notice and consent forms until July 11, 2018. The Court will then allow potential plaintiffs sixty days from the date the notice is mailed to return their consent forms.

Accordingly, it is now

**ORDERED:**

1. The parties' Joint Stipulation regarding Motion for Order to Facilitate Notice to Potential Class Members (Doc. 54) is **GRANTED in part**.

2. The Court conditionally certifies a collective of

> All servers and bartenders who worked for Defendants at the Monarca's Authentic Mexican Cuisine Bar & Grille location, from August 2, 2014, through the present, who worked over forty hours in one or more workweeks, but were not paid for his or her overtime hours, or who were not provided notice of Defendants' intention to claim the tip credit.

3. The Parties will have up to and until **June 15, 2018** to submit amended notice and consent forms that reflect the definitions and deadlines laid out in this Order.

4. Defendants will have **up to and until June 27, 2018**, to post the amended notice and consent forms at Real Monarca.  The documents must be posted in a conspicuous location where they are likely to be seen by all potential plaintiffs and it must remain there until the deadline to submit consent forms has passed.

5. Defendants will have **up to and until June 27, 2018**, to produce to Lopez's Counsel a list of names, last known addresses, telephone numbers, the last four digits of social security numbers, and email addresses of all individuals that worked as servers or bartenders at Real Monarca from August 2, 2014 through the present.

6. Plaintiff is **AUTHORIZED** to distribute the amended notice and consent forms to all putative members of the collective **until July 11, 2018** via first class U.S. mail and electronic mail.

7. To be valid, consent forms returned to Lopez's counsel must be post-marked, or delivered to a commercial carrier who provides a receipt, **within sixty (60) days** of the date they were originally mailed.

8. During the allowed period for response to this initial mailing, should the initial notice mailed to any individual be returned as un-deliverable, the parties shall promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may reasonably be available to identify a better address for each such individual, to assist in the search for better addresses.  To the extent it is feasible, but in no event later than the end of the allowed period for response to the initial mailing, plaintiffs' counsel shall, at the sole cost and expense of plaintiffs, re-mail one notice to each such individual. For each re-mailed notice it shall be in the form set forth above; shall be re-dated with the date of re-mailing, and shall give the individual up to the same deadline allowed for response to the initial mailing to return a consent.

9. Individuals who timely opt-in to this collective action under this Court's supervised notice procedure shall be deemed joined as opt-in plaintiffs for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named plaintiffs at the time, pending further orders of the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of June, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record