UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on
behalf of those similarly situated

        Plaintiff,

v.           Case No:   2:17-cv-442-FtM-38UAM

REAL MONARCA INC and
GUILLERMO CUEVAS,

        Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice and Incorporated Memorandum of Law filed on February 11, 2019.  Doc. 70.  The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice.  *Id.* at 1.  For the reasons stated below, the motion is denied without prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Named Plaintiff Eduardo Lopez brought this action against Defendants Real Monarca Inc. and Guillermo Cuevas on behalf of himself and all other servers and bartenders who worked for Defendant for the three years preceding the filing of the Complaint. *See* Doc. 1 ¶¶ 1-39. Plaintiff alleges that Defendants failed to pay him and other servers and bartenders minimum wage and failed to pay overtime compensation, due to Defendants' failure to give notice of their intent to claim the tip credit and/or Defendants' systematic deletion of hours worked. *See id.* ¶¶ 39-40. On February 11, 2019, the parties moved for the Court to approve their settlement agreement, which purports to resolve the claims in this case and in *Jam Aguiar v. Real Monarca Inc and Guillermo Cuevas*, No. 2:18-cv-116-FtM-38UAM, a case filed by a chef employed by Defendants

under the FLSA for recovery of unpaid overtime compensation.[1]  Docs. 70, 70-1.  As provided by the payment schedule attached to the settlement agreement, Lopez and each Opt-in Plaintiff[2] in the *Lopez* case would receive the following:

| Plaintiff | Unpaid Overtime Wages (W2 form) | Liquidated Damages (1099 form) |
| --- | --- | --- |
| Named Plaintiff Eduardo Lopez | $8,200 | $12,800 |
| Opt-in Plaintiff Monica Perez | $3,200 | $4,300 |
| Opt-in Plaintiff Nury Ochoa | $2,500 | $2,500 |
| Opt-in Plaintiff Daniela Meade | $5,600 | $6,400 |
| Opt-in Plaintiff Orlando Silva | $750 | $750 |

Doc. 70-1 at 15.  The settlement agreement states that 50% of each Plaintiff's total individual settlement sum would represent unpaid wages reported on an IRS Form W2 and 50% of each sum would represent liquidated damages and be reported on an IRS Form 1099.  Doc. 70-1 at 5.  However, that is not reflected on the payment schedule.  *See id.* at 15.  Because the parties do not explain the discrepancy between the settlement agreement terms and the payment schedule, the undersigned cannot recommend approving the agreement at this time, without further explanation or clarification from the parties.

---

[1] On February 28, 2019, the Honorable Mac R. McCoy reassigned the *Aguiar* case to the undersigned, at the undersigned's initial suggestion and with his consent, for the sake of judicial economy and the efficacy of having one judge review both motions to approve the single combined settlement agreement.  *See* No. 2:18-cv-116-FtM-38UAM, at Doc. 35.

[2] The Honorable Sheri Polster Chappell conditionally certified the collective on June 13, 2018, and notices were sent to potential collective members on July 9, 2018.  Doc. 55; Doc. 70 at 2.  The parties state the total collective was comprised of 9 individuals, and a total of 5 individuals are now parties to the action.  Doc. 70 at 2.  The parties state that given the small size of the collective, each Opt-in Plaintiff was individually consulted about the amount of his or her settlement, and specifically agreed to the amount reflected in the settlement agreement filed with the motion.  *Id.* at 3.

An employer who violates the FLSA is liable for both the amount owed under the FLSA and "an additional *equal* amount as liquidated damages."  29 U.S.C. § 216(b) (emphasis added).  Employees' rights under the FLSA, including the statutory right to liquidated damages equal to unpaid overtime wages, cannot be waived where there is no genuine dispute as to whether the employee is entitled to them.  *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-07 (1945)).  However, liquidated damages equal to the amount of back pay owed is mandatory in FLSA cases unless the parties genuinely dispute whether an FLSA violation has occurred—and thus whether Plaintiff is entitled to liquidated damages—or the employer can demonstrate "to the satisfaction of the court that the act or omission giving rise to [his violation of the FLSA] was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  *See* 29 U.S.C. § 260; *Rivera v. U.S.A. Transporter Srvs., Inc.*, No. 6:16-cv-2158-Orl37TBS, 2017 WL 4528401, at *1 (M.D. Fla. Oct. 10, 2017) (citing 29 U.S.C. § 260; *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008).

Here, the parties indicate that a bona fide dispute exists between the parties as to the amount of unpaid wages owed, and that Defendants dispute Plaintiffs' ability to recover liquidated damages in this matter.  Doc. 70 at 3.  However, the parties have not explained why the pay schedule is inconsistent with the settlement agreement stating that each Plaintiff will receive equal amounts in unpaid wages and liquidated damages or why, if the pay schedule is more accurate than the written terms of the agreement, why some Plaintiffs are receiving a higher percentage in liquidated damages than others.  *See id.* at 5, 15.  Thus, without clarification from the parties the undersigned is unable to determine whether the settlement agreement is a fair and reasonable compromise of the FLSA claims.

ACCORDINGLY, it is

**ORDERED:**

The Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 70) is **DENIED without prejudice**. The parties shall have up to and including **April 5, 2019** to file a renewed motion.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of March, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record