# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on behalf of those similarly situated,

        Plaintiff,             CASE NO.: 2:17-CV-00442-SPC-CM

vs.

REAL MONARCA INC, a Florida Profit Corporation, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL, and GUILLERMO CUEVAS, Individually,

        Defendants.     /

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAM AGUIAR,

        Plaintiff,            CASE NO.: 2:18-CV-00116-SPC-MRM

vs.

REAL MONARCA INC, a Florida Profit Corporation, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL, and GUILLERMO CUEVAS, Individually,

        Defendants.     /

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between EDUARDO LOPEZ, JAM AGUIAR, MONICA PEREZ, NURY OCHOA, DANIELA MEADE CASTANEDA, and ORLANDO SILVA ("Plaintiffs") and REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL, and GUILLERMO CUEVAS, Individually ("Defendants"). The

Parties understand and agree that, by virtue of the Opt-In Plaintiffs having designated named Plaintiff, Eduardo Lopez and his counsel as their representatives, and have authorized Eduardo Lopez to bind them in a resolution of this matter, that Eduardo Lopez may execute this document for purposes of seeking settlement approval as to the fairness of this Settlement Agreement. However, as a practical matter, each Opt-In Plaintiff was individually consulted regarding his/her settlement amount prior to reaching this Agreement, and each individually consented to same, as well.

WHEREAS, Plaintiffs, through the above-styled case, alleged that unpaid minimum wage compensation and overtime compensation was due to Plaintiffs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, the Parties exchanged voluminous pay and time records, and conducted a full-day mediation with an experienced, certified mediator, Denise Wheeler Wright, who has specific expertise in labor and employment law.

WHEREAS, Defendants deny any violation of the FLSA as it regards Plaintiffs, and, in fact, assert that they have at all times complied with the FLSA in compensating Plaintiffs; and

WHEREAS, Plaintiffs and Defendants wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA and the payment of minimum and overtime wages under analogous state laws, amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiffs' FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiffs acknowledge that the settlement reached herein is a fair and reasonable settlement of Plaintiffs' FLSA claims against Defendants.

3. **RELEASE OF FLSA CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims Plaintiffs have or might have under the FLSA, and related wage claims, against Defendants, Real Monarca Inc., d/b/a Monarca's Authentic Mexican Cuisine Bar & Grill, and Guillermo Cuevas.

    b. The Parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

    c. Plaintiffs' Counsel will distribute the approved Settlement Agreement to the five members of the collective so that they may individually execute same.

    d. By separately executing this document, each Plaintiff hereby knowingly and voluntarily releases Defendants; their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys, Real Monarca Inc., d/b/a Monarca's Authentic Mexican Cuisine Bar & Grill, and Guillermo Cuevas (collectively "Releasees"); of and from any and all claims arising under the FLSA (and related state-law wage claims) against any of the Releasees which Plaintiffs have or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by Plaintiffs of any claims other than their FLSA and wage-related claims.

4. **CONSIDERATION**.

    a. In consideration of the matters set forth herein, and in accordance with the schedule set forth below, Defendants (or its designee) shall pay to Plaintiffs the total sum of **$65,000.00** (hereinafter the "Settlement Sum"), less applicable deductions as described below, which payments may be distributed to Plaintiffs at any time following the entry of an Order approving the Joint Motion for Approval of Settlement.

    b. In addition, Defendants agrees to pay separately a sum of **$17,000.00,** made payable to Morgan & Morgan, P.A., as payment of attorneys' fees incurred in connection with this matter. **This amount was negotiated separately from, and without regard to the amount to be paid to Plaintiffs in this action.**

    c. The payments will be made by delivering the Settlement Sum in the amounts set forth in Exhibit A to Morgan & Morgan, P.A., 600 N. Pine Island Rd., Suite 400, Plantation, Florida, 33324, such that they are **received by** the date due. With respect to each Individual Settlement Sum, 50% of same shall be reported on an IRS Form W2 as "Employee Compensation" and 50% shall be reported on an IRS Form 1099 as "Other Income" in satisfaction of claims for alleged liquidated damages owed.

    d. The payments shall be made according to the following schedule:

    1. The first payment of **$10,000.00 will be due within** 7 days of the date that the Court's approval of the settlement agreement. This will be in the form of six checks made payable as follows: (1) Eduardo Lopez $1,850.00; (2) Jam Aguiar $1,850.00; (3) Monica Perez $ 1,850.00; (4) Nury Ochoa $1,850.00; (5) Daniela Meade Castaneda $1,850.00; and (6) Orlando Silva $750.00.The remaining amount of $72,000.00 shall be made payable in 18 payments of $4000.00 each, as set forth in the attached **Exhibit A.**

    2. Payments of $4,000 per month for the subsequent 18

months, to be paid in the amounts and to the payees as set forth in **Exhibit A**.

   e. No Plaintiff will be entitled to receive his or her Individual Settlement Sum until after executing this Agreement.

   f. Plaintiffs understand and acknowledge that Plaintiffs would not receive the payments specified in this paragraph except for Plaintiffs' execution of this Agreement, including the Release of FLSA Claims contained herein, and Plaintiffs' fulfillment of the promises contained herein.

  5. **AFFIRMATIONS**.

   Plaintiffs affirm that, upon payment of the amounts set forth herein, Plaintiffs will have been paid and/or will have received a reasonable compromise as to their claimed unpaid compensation, liquidated damages related to their compensation, and attorney's fees and costs in connection with Plaintiffs' claims for alleged unpaid wages.

  6. **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees.  This Agreement represents the compromise of disputed and contingent claims.

  7. **OPPORTUNITY TO REVIEW**.  Plaintiffs acknowledge that Plaintiffs are aware that they are giving up all FLSA and related state-law wage claims they may have against the Releasees. Plaintiffs acknowledge that Plaintiffs have been advised in writing to consult with an attorney and have had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiffs acknowledge that Plaintiffs have had the opportunity to consult with their counsel-of-record, Angeli Murthy, prior to executing this Agreement. Plaintiffs sign this Agreement voluntarily.

8. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiffs' FLSA claims.

9. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in any court of competent jurisdiction in Lee County.

10. **ENFORCEMENT**. In any action to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees incurred in such action, including appellate fees and costs, in addition to any other relief which may be awarded by a court of competent jurisdiction.

13. **ENTIRE AGREEMENT AS TO FLSA AND RELATED STATE WAGE CLAIMS.** This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of FLSA and related state-law wage claims. Plaintiffs acknowledge Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to sign this Agreement, except those set forth in this Agreement.

14. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

15. **MULTIPLE ORIGINALS**. A copy of the executed Agreement may be

transmitted by email, facsimile, or other electronic means, and the Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

16. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND RELATED STATED LAW WAGE CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated:_____, 2019     EDUARDO LOPEZ

_____

Dated:_____, 2019     JAM AGUIAR

_____

Dated:_____, 2019     MONICA PEREZ

_____

Dated:_____, 2019     NURY OCHOA

_____

Dated:_____, 2019     DANIELA MEADE CASTANEDA

_____

Dated:_____, 2019     ORLANDO SILVA

_____

Dated: 02/05, 2019     REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL

By: _____

Print: Guillermo Cuevas

Title: PRESIDENT

Dated: 02/05, 2019     GUILLERMO CUEVAS

_____

8

Dated: 02-08- , 2019      EDUARDO LOPEZ

_____
*[signature: Eduardo Lopez]*

Dated:_____, 2019      JAM AGUIAR

_____

Dated:_____, 2019      MONICA PEREZ

_____

Dated:_____, 2019      NURY OCHOA

_____

Dated:_____, 2019      DANIELA MEADE CASTANEDA

_____

Dated:_____, 2019      ORLANDO SILVA

_____

Dated:_____, 2019      REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL

By: _____

Print: _____

Title: _____

Dated:_____, 2019      GUILLERMO CUEVAS

_____

8

Dated: _____, 2019          EDUARDO LOPEZ

                                    _____
Dated: FEB 4, 2019                  JAM AGUIAR
                                    [signature]

Dated: _____, 2019          MONICA PEREZ

                                    _____
Dated: _____, 2019          NURY OCHOA

                                    _____
Dated: FEB 4, 2019                  DANIELA MEADE CASTANEDA
                                    [signature]

Dated: _____, 2019          ORLANDO SILVA

                                    _____
Dated: _____, 2019          REAL MONARCA INC, d/b/a MONARCA'S
                                    AUTHENTIC MEXICAN CUISINE BAR &
                                    GRILL

                                    By: _____
                                    Print: _____
                                    Title: _____

Dated: _____, 2019          GUILLERMO CUEVAS

                                    _____

8

Dated:_____, 2019     EDUARDO LOPEZ

_____

Dated:_____, 2019     JAM AGUIAR

_____

Dated:_____, 2019     MONICA PEREZ

_____

Dated: __02-07__, 2019          NURY OCHOA

                                */s/ Nury Ochoa*
_____

Dated:_____, 2019     DANIELA MEADE CASTANEDA

_____

Dated:_____, 2019     ORLANDO SILVA

_____

Dated:_____, 2019     REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL

By: _____

Print: _____

Title: _____

Dated:_____, 2019     GUILLERMO CUEVAS

_____

8

Dated:_____, 2019     **EDUARDO LOPEZ**

                            _____

Dated:_____, 2019     **JAM AGUIAR**

                            _____

Dated:_____, 2019     **MONICA PEREZ**

                            _____

Dated:_____, 2019     **NURY OCHOA**

                            _____

Dated:_____, 2019     **DANIELA MEADE CASTANEDA**

                            _____

Dated: 2-5-19 , 2019        **ORLANDO SILVA**

                            */s/ Orlando Silva*

Dated:_____, 2019     **REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL**

                            By: _____
                            Print: _____
                            Title: _____

Dated:_____, 2019     **GUILLERMO CUEVAS**

                            _____

8

Dated:_____, 2019        **EDUARDO LOPEZ**

_____

Dated:_____, 2019        **JAM AGUIAR**

_____

Dated: 02/08/19, 2019        **MONICA PEREZ**

_____*[signature]*_____

Dated:_____, 2019        **NURY OCHOA**

_____

Dated:_____, 2019        **DANIELA MEADE CASTANEDA**

_____

Dated:_____, 2019        **ORLANDO SILVA**

_____

Dated:_____, 2019        **REAL MONARCA INC, d/b/a MONARCA'S AUTHENTIC MEXICAN CUISINE BAR & GRILL**

By: _____

Print: _____

Title: _____

Dated:_____, 2019        **GUILLERMO CUEVAS**

_____

8

# EXHIBIT A
**PAYMENT SCHEDULE**

| Payment Date | Payment # | Eduardo Lopez | | Monica Perez | | Nury Ochoa | | Daniela Meade | | Orlando Silva | | Jam Aguiar | | Morgan & Morgan | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | W2 | 1099 | |
| 7 Days of Settlement Approval | 1 | $1,850 | | $1,850 | | $1,850 | | $1,850 | | $750 | | $1,850 | | | $10,000 |
| 1st Monthly Payment | 2 | $650 | | $650 | | $650 | | $650 | | | $750 | $650 | | | $4,000 |
| 2nd Monthly Payment | 3 | $600 | | $600 | | | $600 | $600 | | | | $600 | | $1,000 | $4,000 |
| 3rd Monthly Payment | 4 | $600 | | $600 | | | $600 | $600 | | | | $600 | | $1,000 | $4,000 |
| 4th Monthly Payment | 5 | $600 | | $50 | $550 | | $600 | $600 | | | | $600 | | $1,000 | $4,000 |
| 5th Monthly Payment | 6 | $600 | | | $600 | | $700 | $600 | | | | $600 | | $900 | $4,000 |
| 6th Monthly Payment | 7 | $750 | | | $750 | | | $750 | | | | $750 | | $1,000 | $4,000 |
| 7th Monthly Payment | 8 | $750 | | | $750 | | | $350 | $400 | | | $750 | | $1,000 | $4,000 |
| 8th Monthly Payment | 9 | $750 | | | $750 | | | | $750 | | | $750 | | $1,000 | $4,000 |
| 9th Monthly Payment | 10 | $850 | | | $350 | | | | $850 | | | $850 | | $1,100 | $4,000 |
| 10th Monthly Payment | 11 | $1,200 | | | | | | | $900 | | | $900 | | $1,000 | $4,000 |
| 11th Monthly Payment | 12 | $1,200 | | | | | | | $900 | | | $100 | $800 | $1,000 | $4,000 |
| 12th Monthly Payment | 13 | $100 | $1,100 | | | | | | $900 | | | | $900 | $1,000 | $4,000 |
| 13th Monthly Payment | 14 | | $1,200 | | | | | | $900 | | | | $900 | $1,000 | $4,000 |
| 14th Monthly Payment | 15 | | $1,300 | | | | | | $400 | | | | $1,300 | $1,000 | $4,000 |
| 15th Monthly Payment | 16 | | $1,700 | | | | | | | | | | $1,300 | $1,000 | $4,000 |
| 16th Monthly Payment | 17 | | $1,700 | | | | | | | | | | $1,300 | $1,000 | $4,000 |
| 17th Monthly Payment | 18 | | $1,700 | | | | | | | | | | $1,300 | $1,000 | $4,000 |
| 18th Monthly Payment | 19 | | $1,800 | | | | | | | | | | $1,200 | $1,000 | $4,000 |
| | | $21,000 | | $7,500 | | $5,000 | | $12,000 | | $1,500 | | $18,000 | | $17,000 | $82,000 |