UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDUARDO LOPEZ, for himself and on
behalf of those similarly situated

       Plaintiff,

v.                                     Case No: 2:17-cv-442-FtM-38UAM

REAL MONARCA INC and
GUILLERMO CUEVAS,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice and Incorporated Memorandum of Law filed on March 25, 2019. Doc. 72.[2] The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice. *Id.* at 1. For the reasons stated below, the undersigned recommends that the settlement be approved, and Plaintiff's claims be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Named Plaintiff Eduardo Lopez brought this action against Defendants Real Monarca Inc. and Guillermo Cuevas on behalf of himself and all other servers and bartenders who worked for Defendant for the three years preceding the filing of the Complaint. *See* Doc. 1 ¶¶ 1-39. Plaintiff alleges that Defendants failed to pay him and other servers and bartenders minimum wage and failed to pay overtime compensation, due to Defendants' failure to give notice of their intent to claim the tip credit and/or Defendants' systematic deletion of hours worked. *See id.* ¶¶ 39-40. On February 11, 2019, the parties moved for the Court to approve their settlement agreement, which purports to resolve the claims in this case and in *Jam Aguiar v. Real Monarca Inc and Guillermo Cuevas*, No. 2:18-cv-116-FtM-38UAM, a case filed by a chef employed by Defendants under the FLSA for recovery of unpaid overtime compensation.[3] Docs. 70, 70-1. The undersigned denied without prejudice the parties' first joint motion on March 22, 2019 due to discrepancies between the settlement agreement and an attached pay schedule. Doc. 71 at 4-5. The parties filed their renewed motion on March 25, 2019 with a corrected pay schedule. Doc. 72.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by

---

[3] On February 28, 2019, the Honorable Mac R. McCoy reassigned the *Aguiar* case to the undersigned, at the undersigned's initial suggestion and with his consent, for the sake of judicial economy and the efficacy of having one judge review both motions to approve the single combined settlement agreement. *See* No. 2:18-cv-116-FtM-38UAM, at Doc. 35.

employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Here, as provided by the payment schedule attached to the settlement agreement, Lopez and each Opt-in Plaintiff[4] in the *Lopez* case would receive the following:

| Plaintiff | Unpaid Overtime Wages (W2 form) | Liquidated Damages (1099 form) |
|---|---|---|
| Named Plaintiff Eduardo Lopez | $10,500 | $10,500 |
| Opt-in Plaintiff Monica Perez | $3,750 | $3,750 |
| Opt-in Plaintiff Nury Ochoa | $2,500 | $2,500 |
| Opt-in Plaintiff Daniela Meade | $6,000 | $6,000 |
| Opt-in Plaintiff Orlando Silva | $750 | $750 |

Doc. 72-1 at 15. The settlement agreement states that 50% of each Plaintiff's total individual settlement sum would represent unpaid wages reported on an IRS Form W2 and 50% of each sum would represent liquidated damages and be reported on an IRS Form 1099. *Id.* at 5. The parties believe this is a fair and reasonable compromise of Plaintiff's FLSA claims. Doc. 72 at 4.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*,

---

[4] The Honorable Sheri Polster Chappell conditionally certified the collective on June 13, 2018, and notices were sent to potential collective members on July 9, 2018. Doc. 55; Doc. 72 at 2. The parties state the total collective was comprised of 9 individuals, and a total of 5 individuals are now parties to the action. Doc. 72 at 2. The parties state that given the small size of the collective, each Opt-in Plaintiff was individually consulted about the amount of his or her settlement, and specifically agreed to the amount reflected in the settlement agreement filed with the motion. *Id.* at 3.

No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

Here, the parties reached the settlement and agreed upon the costs separately and without regard to the amount paid to Plaintiff. Doc. 72 at 3. Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $17,000. *Id.* The Court recommends this amount is reasonable and that the settlement agreement as proposed is a fair and reasonable agreement.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 72) be **GRANTED**; and

2. The Court enter an Order **DISMISSING with prejudice** all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of March, 2019.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record